# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA INES CARBONELL, | Case No. 17-cv-00363-BAS-BLM |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| COUNTY OF SAN DIEGO, *et al.*, | |
| Defendants. | |

In a span of two days, Defendants removed the same state court case to two separate federal district courts. Now, both of the resulting federal cases are pending before this Court. One of them is a doppelgänger. Both cases cannot properly be before this Court. For the reasons explained below, the Court concludes this case is the improper one and dismisses it.

## I.  BACKGROUND

### A.  First Attempt at Removal (Case No. 17-cv-00363)

Plaintiff Sonia Ines Carbonell filed suit in San Diego Superior Court against Defendants County of San Diego; TERM; OptumHealth Holdings, LLC; Dr. Sara Maltzman; Dr. Rada West; and Dr. LeAnn Skimming. (Compl., Notice of Removal Ex. A, ECF No. 1-2.) On January 9, 2017, Defendants TERM, Dr. West, and Dr.

Skimming attempted to remove this case by filing a notice of removal in the Southern Division of the United States District Court for the Central District of California. (ECF No 1.) The Southern Division of the Central District is located in Santa Ana, California. The Central District's Southern Division in Santa Ana is, of course, not "the district court of the United States for the district and division within which" Plaintiff's San Diego Superior Court action was pending before Defendants' attempted removal. *See* 28 U.S.C. § 1446(a).

The next day, the Clerk of the Court for the Central District issued a "Notice to Filer of Deficiencies in Attorney Case Opening." (ECF No. 4.) This Notice correctly warned the parties that "the action was removed to the wrong federal court." (*Id.*) Several weeks later, the parties filed a joint request to transfer this case to the Southern District of California. (ECF No. 6.) Judge Selna granted the parties' request, and on February 23, 2017, the case was transferred from the Central District to the Southern District of California and assigned to Judge Miller. (ECF Nos. 9–10.)

The parties have not filed anything in this case since it was transferred. Consequently, Judge Miller issued an order to show cause as to why this case should not be dismissed for lack of prosecution. (ECF No. 12.) From this point, the Court will refer to this case as the "First Case."

### B. Second Attempt at Removal (Case No. 17-cv-00064)

Meanwhile, Defendants tried their luck at another attempt to remove Plaintiff's case. Two days after their first attempt, Dr. West—with the other Defendants' consent—filed a notice of removal in the Southern District of California, resulting in what the Court will refer to as the "Second Case." *Carbonell v. County of San Diego*, No. 17-cv-00064-BAS-BLM (S.D. Cal. removed Jan. 11, 2017), ECF No. 1. Interestingly, Dr. West's notice of removal in the Second Case did not mention the First Case already pending in the Central District. *See id.*

Thereafter, while the parties were attempting to transfer the First Case to the Southern District of California, they forged onwards with the Second Case. *See*

Second Case, ECF Nos. 2–31. Plaintiff amended her Complaint, and Defendants filed several motions to dismiss in the Second Case. *See generally id.* The parties did not, however, file a notice of related case informing the Court of the First Case. *See id.*

Also while the parties proceeded with the Second Case, Judge Miller issued his aforementioned order to show cause in the dormant First Case. Plaintiff then filed an *ex parte* application in the Second Case to vacate the order to show cause in the First Case and to consolidate the Second Case with the First Case. *See* Second Case, ECF No. 32. From this *ex parte* application, the Court learned of the First Case pending before Judge Miller. The Court shortly thereafter accepted transfer of the First Case through the district's low-number rule.[1] Thus, both the First Case and the Second Case are now pending before this Court.

## II.  ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Removal involves three steps. First, the removing defendant files a notice of removal in the appropriate federal court. 28 U.S.C. § 1446(a). Second, the removing defendant provides written notice of the removal to all adverse parties. *Id.* § 1446(d). Third, the removing defendant also provides notice of the removal to the clerk of the state court. *Id.*

"If the removal suffers from procedural defects, the plaintiff is responsible for bringing those defects to the attention of the district court in a timely motion to remand." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *see also* 28 U.S.C. § 1447 (providing a remand motion "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

---

[1] Although the First Case was filed in federal court before the Second Case, it was assigned a new case number upon being transferred to this district. Hence, the Second Case is the low-numbered case, and the First Case was accordingly transferred from Judge Miller to this Court.

of the notice of removal"). Procedural defects that are not raised are generally waived. *Id.* In contrast, defects in subject matter jurisdiction can never be waived. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

Both attempts at removing Plaintiff's state court action suffered from defects. In the First Case, Defendants removed the action to the wrong federal district court, which is, surprisingly, not a rare occurrence. *See, e.g.*, *Mortensen v. Wheel Horse Prod., Inc.*, 772 F. Supp. 85, 86 (N.D.N.Y. 1991).

In the Second Case, Defendants filed their notice of removal with the knowledge that they had already filed a notice of removal in the Central District of California. "Some cases hold that removal is effective from the time the notice of removal is filed with the federal court." 14C Wright & Miller, Federal Practice and Procedure § 3736 – Procedure for Removal—When Removal is Effective; Further Proceedings in State Court (2017) (collecting cases); *see also Polo*, 833 F.3d at 1196 ("Removal is a powerful tool: It operates largely automatically in that once a defendant has filed the appropriate notice of removal in the federal district court removal is a *fait accompli*."). Under this interpretation, there was no case pending in California state court to remove when Defendants made their second attempt at removal two days after their first attempt. If true, the Second Case—the one the parties have elected to proceed with—is "a case number which houses no actual case." *See Tanzman v. Midwest Exp. Airlines, Inc.*, 916 F. Supp. 1013, 1017 (S.D. Cal. 1996) (Brewster, J.).

Ultimately, however, the Court finds the Second Case is properly before this Court. "[T]he sounder rule, and the one most consistent with the language of Section 1446(d) of Title 28, is that removal is not effective until the defendant has taken all the steps required by the federal statute." 14C Wright & Miller, Federal Practice and Procedure § 3736 – Procedure for Removal—When Removal is Effective; Further Proceedings in State Court (2017); *see also* 28 U.S.C. § 1446(d) (providing that filing

a notice that the case has been removed with the state court clerk "shall effect the removal"). A review of the San Diego Superior Court docket for Plaintiff's case reveals Defendants completed all of the steps required for removal for one of their removal attempts: the Second Case. They filed an appropriate notice to the San Diego Superior Court on January 12, 2017, reflecting that the case had been removed to this Court and assigned Case No. 17-cv-00064—the Second Case. *See Carbonell v. County of San Diego*, No. 37-2016-00035961-CU-DF-CTL (Super. Ct. Cal. filed Oct. 13, 2016), ROA No. 9. Defendants did not file a comparable notice for the First Case. Thus, notwithstanding the events described above, the Court concludes the Second Case is properly before this Court.

But the Court is still left with the First Case—where Defendants did not complete all of the steps for removal. Their failure to do so constitutes procedural error. Although procedural errors not objected to by Plaintiff are generally waived, both cases cannot go forward simultaneously. Further, because the parties may proceed with the Second Case, and they are actively doing so, the First Case serves no purpose. It is essentially "a case number which houses no actual case." *See Tanzman*, 916 F. Supp. at 1017.

Confronted with a purposeless case, the Court turns to its inherent powers. Federal courts are vested with inherent powers that include "those which 'are necessary to the exercise of all others.'" *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)). Consequently, "[i]t is well established that '[d]istrict courts have inherent power to control their dockets'" and dispose of cases when appropriate. *See Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). Because the First Case serves no purpose, the Court will exercise its inherent power to control its docket to dismiss and close this case. *See id.*

Accordingly, the Court **DISMISSES** this action. The Clerk of the Court is directed to close this case. Further, the Clerk shall file a copy of this order in the Second Case—Case No. 17-cv-00064. The parties are to proceed in the Second Case, and this dismissal will not constitute an adjudication on the merits.

**IT IS SO ORDERED.**

**DATED: September 18, 2017**

Hon. Cynthia Bashant
United States District Judge